UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LEON DICKERSON,

                 Plaintiff,

    -against-

ODYSSEY HOUSE, INC.,

             Defendant.
-------------------------------------------------------x

**VERIFIED COMPLAINT**
**AND JURY TRIAL DEMAND**

Index No.
Assigned Judge:

**06 CIV. 2137**

**JUDGE CONNER**

Plaintiff Leon Dickerson, by and through his attorney, Paul N. Cisternino, as and
for his complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's
federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed
under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful,
illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the
Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights
Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*,
and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was subjected to discrimination, denied the
equal terms, conditions and privileges of employment, subjected to retaliation for
reporting discriminatory actions and illegally terminated.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## JURISDICTION AND VENUE

4.  The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5.  The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6.  Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the New York State Division of Human Rights and his complaint was dual filed with the United States Equal Employment Opportunity Commission from which he received a written dismissal which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7.  Plaintiff is a fifty eight year-old African American male who resides in Westchester County.

8.  Upon information and belief Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and the New York State Human Rights Law, employing more than 15 individuals, which presently does business within the State of New York.

## ALLEGATIONS

9.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff was hired by Defendant as a Program Director in its Behavioral Care Residence ("OBHCR") on June 14, 1999.

11. On or about November 7, 2001, Plaintiff filed a charge of race discrimination against the Defendant with the State Division of Human Rights alleging, *inter alia*, that despite his good record, his educational credentials [possessing both Masters and Ph. D. degrees] and being better qualified than the candidates promoted, he had been bypassed for various promotions.

12. Upon information and belief, the Defendant was served with a copy of this charge soon after its filing by the Plaintiff.

13. Shortly after receiving notice of this charge, various supervisory employees of the Defendant, particularly its Director of Mental Health Services and Plaintiff's direct supervisor Arnold Unterbach ("Unterbach"), began to subject Plaintiff to various retaliatory actions.

14. On or about January 14, 2002, Unterbach removed Plaintiff as the OBHCR Program Director and reassigned him to Program Director of the Mobile Outreach Program.

15. Upon information and belief, Plaintiff's OBHCR position was given to a white, female named Amy Schneider.

16. Although this reassignment did not change Plaintiff's salary, it constituted a

3

demotion because it was generally perceived to be a much less prestigious position and because it significantly reduced Plaintiff's job responsibilities.

17. On or about May 14, 2002, Unterbach refused to complete Plaintiff's Competency and Ethical Conduct evaluation, which he needed to be completed so as to obtain recertification as a Counselor.

18. After repeated unsuccessful requests, Plaintiff was forced to have a resident nurse complete this evaluation.

19. On May 22, 2002, Plaintiff filed an additional complaint of discrimination with the State Division of Human Rights charging the Defendant with the aforementioned retaliatory actions.

20. Plaintiff was terminated by Defendant without explanation and without being given a formal termination letter on August 29, 2002, approximately three months after he had filed his retaliation complaint with the State Division.

21. Upon information and belief, Plaintiff was illegally terminated for having engaged in protected activities and opposed Defendant's discriminatory practices, and for seeking to vindicate his rights through his filings with the State Division.

22. On September 9, 2002, Plaintiff amended his retaliation charge with the State Division to include his wrongful termination.

23. Plaintiff's yearly salary was approximately $62,220 as of his termination.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and terminated in retaliation for complaining of discriminatory treatment by Defendant and by seeking to vindicate his rights by filing a charge with the State Division of Human Rights.

26. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

27. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and terminated in retaliation for complaining of discriminatory treatment by Defendant and by seeking to vindicate his rights by filing a charge with the State Division of Human Rights.

29. As herein described, the Defendant acted with malice or with reckless

disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Leon Dickerson, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
       March 7, 2006

                Law Office of Paul N. Cisternino, P.C.
                *Attorneys for Plaintiff*

                By:_____
                  Paul N. Cisternino (PC0317)
                701 Westchester Avenue Suite 308W
                White Plains, New York 10604
                (914) 997-0303

## VERIFICATION

STATE OF NEW YORK          )
                                       ) SS:

COUNTY OF WESTCHESTER     )

LEON DICKERSON, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof;

the same is true of my own knowledge except as to the matters stated on information and

belief; as to those matters, I believe the same to be true.

_____
LEON DICKERSON

Subscribed and sworn to before me this
15ᵗʰ day of March, 2006.

_____
Notary Public

MARVIN A. ESCOBAR
Notary Public, State of New York
No. 01ES6013121
Qualified in West County
Commission Expires 4 9 20 06

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Leon Dickerson<br>704 Old Country Road<br>Elmsford, NY 10523 | From:  New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2002-02118 | **Joseph Alvarado,**<br>**State & Local Program Manager** | **(212) 336-3620** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____

**Spencer H. Lewis, Jr.,**
**Director**

1/18/06

*(Date Mailed)*

Enclosures(s)

cc:  **ODYSSEY HOUSE, INC.**
**246 East 121st Street**
**New York, NY 10035**
**Att: Human Resource Director**